*In re* BOARD OF EDUCATION OF CITY OF GRAND RAPIDS.

Eminent Domain—Schools and School Districts—Necessity Question for Jury.

In proceedings by board of education to condemn land for purpose of enlarging high school building, after adoption of resolution stating necessity therefor, where plans for addition of two sections had been approved by the board and also by the superintendent of public instruction, as required by Act No. 319, Pub. Acts 1927, chap. 13, pt. 2, and board, which had adopted policy of "Pay as you go," had money on hand to erect first section and to pay for land sought to be condemned, question of necessity was for jury under the Constitution (article 13, §§ 1, 2), and the court was in error in dismissing the proceeding for want of proper proof of necessity.

Certiorari to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 21, 1930. (Docket No. 31, Calendar No. 34,629.) Decided March 6, 1930.

Petition by the board of education of the city of Grand Rapids to condemn land belonging to Cornelia S. Campbell and others to enlarge a school site. Plaintiff reviews dismissal of petition by certiorari. Reversed.

*Ganson Taggart* and *Robert S. Tubbs,* for plaintiff.

*Butterfield, Keeney & Amberg,* for defendant Campbell.

SHARPE, J. On December 3, 1928, the board of education of the city of Grand Rapids adopted a resolution stating that it was necessary to enlarge the site of the Vocational and Technical High School (so-called) by acquiring three parcels of land, specifically describing them; that it was unable to agree upon the price to be paid with the owners thereof; that the acquiring of said land was a necessary public improvement, and that it deemed it necessary to take the same for the enlargement of said schoolhouse grounds and for the use and benefit of the public, and instructed the city attorney to take the necessary proceedings to condemn the same. The city attorney thereupon filed a petition for condemnation in the superior court of said city.

Among the parcels sought to be taken was a strip of land owned by Cornelia S. Campbell. Service was duly made upon her, and she appeared by her attorneys. Upon the hearing a jury was impaneled, and, after the proofs on the part of the petitioner had been submitted, the trial court dismissed the petition for the "want of proper proof of necessity." The order of dismissal is before us on certiorari.

Having in contemplation the enlargement of the Vocational and Technical High School of the city, the board of education had preliminary plans therefor prepared by its architects. These were submitted to and approved by the superintendent of public instruction, as required by chapter 13, pt. 2, Act No. 319, Pub. Acts 1927. They call for an addition of about 250 feet to the north of the present building, to be built in two sections. The middle one, now in course of erection, will cost approximately $565,490. The board of education has adopted the policy of "Pay as you go." They have the money on hand to pay for the addition now un-

der construction, and for the additional land needed for the other. The estimated cost of this addition is $354,302. After filing the petition herein, the board purchased one of the parcels sought to be condemned at a cost of $19,300. Two parcels are yet to be acquired; one owned by Miss Campbell, 12 feet in width by 37.5 feet in length, and the other of the same width and 40 feet in length. The north line of the building, when completed according to the plans, will extend to within 4 feet of this land, and there is testimony that the space of 16 feet between it and any building which might be erected on the land owned by Miss Campbell, now vacant, was necessary for light and air and fire protection.

The action of the trial court was based upon the absence of proof that the board had adopted a resolution providing that this addition was to be built "when funds are available for building it." The board had approved the tentative plans for its construction; had by resolution determined that it deemed it necessary to enlarge the site by acquiring this land; had purchased most of the additional land needed therefor, and we think the jury would have been justified in finding that it intended to raise the additional money and complete the building as proposed. Under its policy of "Pay as you go," it could not appropriate money for this proposed addition until it was in the treasury. It had appropriated, and was using, the funds needed for the construction of the middle section. That to the west, as designed by the architect, was needed to make the building a completed whole. A part of it had been purchased and paid for, and, under the provisions of our Constitution (article 13, §§ 1 and 2), which make the jury the judges of the law and the fact on the question of necessity (*McDuffee* v. *Fellows,* 157

Mich. 664; *Hendershott* v. *Rogers,* 237 Mich. 338), it should have been submitted to them.

The order dismissing the petition is vacated and set aside, and the trial court directed to proceed with the hearing. As the action of the trial court was had on motion of the attorneys for Miss Campbell, costs in this court will be taxed against her.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.