GILBERT v. CITY OF TRAVERSE CITY.

1. CONSTITUTIONAL    LAW—STATUTES—SELF-LIQUIDATING    PUBLIC
   WORKS PROJECTS.
      Act No. 94, Pub. Acts 1933, providing for municipal construc-
      tion and operation of self-liquidating public works projects
      *held*, properly passed by the legislature in accordance with
      Constitution, art. 5, §§ 19–23.

2. EVIDENCE—JUDICIAL NOTICE—LOCATION OF CITY.
      Judicial notice is taken of the fact that Traverse City is located
      on Grand Traverse Bay in a region adapted for boating and
      otherwise attractive for vacation purposes.

3. MUNICIPAL    CORPORATIONS—HARBOR    AND    PARK    DEVELOPMENT—
   CONSTITUTIONAL LAW.
      Municipal harbor and park development for Traverse City *held*,
      a project the city is authorized to build by Constitution,
      art. 8, § 22.

4. STATUTES—AMENDMENT BY IMPLICATION—CONSTITUTIONAL LAW.
      Act No. 94, Pub. Acts 1933, being complete in itself, does not
      offend article 5, § 21, of the Constitution in amendment of
      existing laws by implication.

Appeal from Grand Traverse; Gilbert (Parm C.),
J. Submitted April 18, 1934. (Docket No. 140, Cal-
endar No. 37,793.) Decided June 4, 1934.

Bill by George Gilbert and Harry L. Weaver
against City of Traverse City, a municipal corpora-
tion, and others to enjoin the execution of contracts
for harbor and park development pursuant to Act
No. 94, Pub. Acts 1933. Decree for plaintiffs. De-
fendants appeal. Reversed.

*Mathews & Williams,* for plaintiffs.

*John W. Patchin,* for defendants.

BUSHNELL, J.  At this term of court we decided the cases of *Young* v. *City of Ann Arbor, ante,* 241, and *Block* v. *City of Charlevoix, ante,* 255.  Those decisions uphold the constitutionality of Act No. 94, Pub. Acts 1933.  It is, therefore, only necessary to discuss a few of the points raised in the instant appeal.  Those which are covered by the opinion of Mr. Justice POTTER in the *Young Case* will be indicated without further consideration.

Plaintiffs, residents and taxpayers of the city of Traverse City, a municipal corporation, question the constitutionality of the act and the validity of an ordinance of the city entitled:

"An ordinance to provide for acquiring and constructing by the city of Traverse City, Michigan, a project to be known as the Traverse City Municipal Harbor and Park Development and to provide for the owning and operating of such project and for enlarging, extending and repairing of same and providing for the issuing of self-liquidating revenue bonds, the principal and interest of which are to be payable solely from the revenues derived from the operation of such project, and to regulate the use of the revenue of such project when any such bonds are issued and outstanding."

The issues framed by a sworn bill and answer were presented to the circuit court on an agreed statement of facts.  The court promptly filed an opinion in which it held that the ordinance was legally passed but that the act and some of the provisions of the ordinance were invalid in part.  It found that the city was without lawful authority to issue revenue bonds on the projects named in the ordi-

nance. An injunction was issued, restraining defendant from entering into any contract for the sale of revenue bonds to or with the public works administration of the Federal government, and from issuing the contemplated bonds.

The parties agreed, with the approval of the trial court, upon the questions involved in the cause. The questions are set forth in the language of the stipulation:

1. "Was Act No. 94, Pub. Acts 1933, passed in full compliance with article 5, §§ 19–23, of the Michigan Constitution?"

By reference to the senate and house journals, the court determined that all formal and constitutional requirements had been properly complied with in the passage of the act. All parties agree with this finding.

The following questions have been covered and answered by the *Young Case,* which is controlling:

2. "Does the title of said Act No. 94 embrace more than one object contrary to article 5, § 21, of the Michigan Constitution?"

3. "Does the body of said Act No. 94 embrace subject matter not expressed in the title thereof nor germane thereto?"

4. "Does article 10, § 14, of the Michigan Constitution apply to civil and political subdivisions of the State?"

5. "Does said Act No. 94 authorize civil and political subdivisions of the State to engage in works of internal improvement contrary to article 10, § 14, of the Michigan Constitution?"

6. "Does said Act No. 94 offend article 8, §§ 23 and 31, of the Michigan Constitution in respect of creating public utilities not therein designated?"

7. "Does said Act No. 94 create a public indebtedness in respect of authorizing a pledge of the net

revenues of an existing public project to the payment of constructing, extensions, improvements, betterments, repairs and/or replacements thereto?''

8. ''Does said Act No. 94 authorize a statutory first lien upon the entire properties of said public project?''

9. ''Is said lien effective only as to the revenues derived from said project?''

10. ''Does said Act No. 94 authorize a public body to mortgage the revenues from said project as security for bonds issued therefor, and to confer a franchise to the purchaser at foreclosure to operate the same contrary to article 8, §§ 25 and 29, of the Michigan Constitution?''

11. ''Does said Act No. 94 create and confer a franchise contrary to article 8, §§ 25 and 29, of the Michigan Constitution in respect to authorizing a receiver to administer and operate such a project?''

The controlling cases involve sewage disposal plants, while the instant case pertains to a municipal harbor and park development. It is, therefore, desirable to amplify the answer to question No. 4. Article 10, § 14, of the Constitution reads:

''The State shall not be a party to, nor be interested in any work of internal improvement, nor engage in carrying on any such work, except in the improvement of, or aiding in the improvement of the public wagon roads, in the reforestation and protection of lands owned by the State and in the expenditure of grants to the State of land or other property.''

Plaintiffs argue that the State cannot permit its political subdivisions to do that which it cannot do itself. The same section was construed in *Nicholls* v. *Charlevoix Circuit Judge,* 155 Mich. 455, and we there held that the city of Charlevoix was not thereby prohibited from entering into a contract for the

construction of a public wharf upon lands owned by it at the foot of a street terminating on navigable waters. Mr. Justice MOORE said:

"It is doubtful if there is a city or village in the State having streets terminating upon navigable waters which is not exercising a like right."

On a site fronting on Grand Traverse Bay, known as Clinch Park, and owned by it free and clear of all incumbrances, the city of Traverse City proposes to construct a municipal harbor and park development, comprising a harbor and yacht basin, auditorium, casino, bath house, museum, storage yard for yachts and boats, and other park and recreational facilities. Although the authorities cited in *Nicholls* v. *Charlevoix Circuit Judge, supra,* are persuasive, we might add that we take judicial notice of the fact that Traverse City is located on the waters of Grand Traverse Bay, which has long been famous as one of the finest vacation spots in America. The general locality is particularly adapted to boating, and it is only natural that the people of this section of the State are desirous of adding to the general attractiveness of the city. The project is designed to do this without adding to the tax burden of the community, through the issuance of self-liquidating bonds. The project in question seems to be authorized by article 8, § 22, conferring upon cities the power to construct and maintain parks and other works which involve the public health and safety.

12. "Does Act No. 94, Pub. Acts 1933, offend article 5, § 21, of the Michigan Constitution in amending existing laws by implication?"

This question was incorrectly answered in the affirmative by the trial court. The leading case of *People* v. *Mahaney,* 13 Mich. 481, in which Mr. Jus-

tice COOLEY discusses the amendment of existing laws by implication, as restricted by the constitutional provision, has been cited and quoted so frequently that repetition of the language here is unnecessary. Mr. Justice NORTH only recently applied its reasoning in *People* v. *Stimer,* 248 Mich. 272 (67 A. L. R. 552). The principles enunciated therein are equally applicable to the instant case. Act No. 94 does not offend article 5, § 21, of the Constitution.

We find nothing either in the title or the body of the act indicating it is unconstitutional on any of the grounds upon which it has been attacked. The decree of the trial court is reversed and the injunction dissolved and the bill dismissed, but without costs, the question being a public one.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. NORTH, J., did not sit.