RITCHIE v. COUNCIL OF THE CITY OF HARRISVILLE.

1. MUNICIPAL CORPORATIONS—PUBLIC UTILITY REVENUE BONDS—
DEBT LIMIT.
    City bonds payable solely from the revenues of a particular
    municipal utility are not debts within the meaning of con-
    stitutional and statutory limitations (Const. 1908, art. 8,
    §§ 20, 24; 1 Comp. Laws 1929, §§ 2091, 2092; Act No. 94,
    Pub. Acts 1933, as amended by Act No. 66, Pub. Acts 1935).

2. SAME—WATER WORKS—GENERAL FUND—GENERAL OBLIGATIONS—
REVENUE BONDS.
    Fact that part of the funds for a municipal water supply and
    distribution system were to be derived from the general fund
    of the city and general obligation bonds and Federal govern-
    ment would not preclude issuance of bonds payable solely from
    revenue in excess of debt limit (Const. 1908, art. 8, §§ 20, 24;
    1 Comp. Laws 1929, §§ 2091, 2092; Act No. 94, Pub. Acts
    1933, as amended by Act No. 66, Pub. Acts 1935).

3. COSTS—PUBLIC QUESTION.
    No costs are allowed on appeal to determine validity of issue
    of revenue bonds in excess of debt limit where part of cost of
    water supply and distribution system is derived from the city's
    general fund and sale of general obligation bonds (Const.
    1908, art. 8, §§ 20, 24; 1 Comp. Laws 1929, §§ 2091, 2092; Act
    No. 94, Pub. Acts 1933, as amended by Act No. 66, Pub. Acts
    1935).

Appeal from Alcona; Dehnke (Herman), J. Sub-
mitted October 19, 1939. (Docket No. 153, Calendar
No. 40,838.) Decided December 19, 1939.

Bill by Johnson F. Ritchie against Council of the
City of Harrisville to restrain the issuance of water
works revenue bonds. Bill dismissed. Plaintiff ap-
peals. Affirmed.

*William R. Barber,* for plaintiff.

*Herbert Hertzler,* for defendant.

CHANDLER, J.   The city of Harrisville has partially completed the construction of a municipal water supply and distribution system, the total cost thereof being $61,572.92, said sum to be derived from the following sources: $40,384.04 from the Federal government; $10,000 from the sale of general obligation bonds of the city of Harrisville; $1,188.88 from the general fund of the city; and the balance of $10,000 from the sale of revenue bonds issued pursuant to the provisions of Act No. 94, Pub. Acts 1933, as amended by Act No. 66, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 2486-22 *et seq.,* Stat. Ann. § 5.2731 *et seq.*).

Plaintiff, a taxpayer of the city, filed the bill of complaint herein to restrain the legislative body of the municipality from issuing and selling the revenue bonds to be issued as aforesaid.   The trial court dismissed the bill of complaint and plaintiff appeals.

The principal and interest of the proposed issue is to be payable out of revenues to be derived from the operation of the completed project.   Plaintiff contends that because part of the cost of such project is to be derived from the general fund of the city and part from the sale of general obligation bonds, the proposed revenue bonds create a debt in excess of the limitations imposed by 1 Comp. Laws 1929, §§ 2091, 2092 (Stat. Ann. §§ 5.1886, 5.1887).

It is established beyond dispute that bonds payable solely from revenues of the particular utility involved are not debts within the meaning of constitutional * and statutory limitations.   *Young* v.

---

* See Const. 1908, art. 8, §§ 20, 24.—REPORTER.

*City of Ann Arbor,* 267 Mich. 241; *Block* v. *City of Charlevoix,* 267 Mich. 255; *Gilbert* v. *Traverse City,* 267 Mich. 257; *Attorney General, ex rel. Eaves,* v. *State Bridge Commission,* 277 Mich. 373; *Michigan Gas & Electric Co.* v. *City of Dowagiac,* 278 Mich. 522.

The principal argument seems to be that these cases only apply in instances where the entire cost of the project is supplied by proceeds from the sale of revenue bonds. We can see no distinction between the case at bar and a case where an addition is made to an existing public project and the entire revenues thereof, after the addition is completed, are to be used in payment of principal and interest of bonds issued under the provisions of the cited statutes. Such a question was presented in *Gilbert* v. *Traverse City, supra,* and was decided adversely to the contentions of appellant. That decision controls the instant case.

The decree is affirmed, but without costs, as a public question is involved.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH and McALLISTER, JJ., concurred.