HOOPER v. BOARD OF EDUCATION OF THE CITY OF DETROIT.

1. EQUITY—MOTION TO DISMISS—ALLEGATIONS DENIED IN SWORN ANSWER.

Allegations in bill of complaint in suit for injunction, which are categorically denied by sworn answer, are not presumed true on motion to dismiss.

2. EMINENT DOMAIN—PURCHASE OF PROPERTY DURING PENDENCY OF CONDEMNATION PROCEEDINGS.

A State agency clothed with the power of eminent domain has a right to purchase the property during pendency of condemnation proceedings (1 Comp. Laws 1929, § 3763 et seq.).

3. SAME—WITHDRAWAL OF PROPERTY DURING PENDENCY OF CONDEMNATION PROCEEDINGS.

A State agency clothed with the power of eminent domain may withdraw any property whenever such action will not interfere with the substantial rights of the parties or discontinue condemnation proceedings at any time before confirmation of the verdict of the jury (1 Comp. Laws 1929, § 3763 et seq.).

4. Same—Determination of Necessity—Purchase of Property.

The provision of the Constitution requiring as a condition pre-cedent to the taking of private property by the public or for public use that the necessity therefor be first determined does not apply to the purchase of property (Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, § 3763 *et seq.*).

5. Same—Collateral Attack—Injunction of Purchase.

A suit to enjoin the purchase of private property by a State agency does not constitute a collateral attack upon proceedings to condemn such property brought in another court (1 Comp. Laws 1929, § 3763 *et seq.*).

6. Same—Payment.

In order that private property may be purchased by the public or for the public use it is sufficient that the money proposed to be expended is actually in the treasury or that a bond issue is authorized (2 Comp. Laws 1929, § 7284).

7. Schools and School Districts—Revenue Bond Ordinance—Publication—Statutes.

Provision of ordinance for revenue bond issue, adopted by a city board of education, that its secretary should cause the ordinance to be published in a newspaper of general circulation within 10 days after passage and take effect immediately after such publication *held,* only directory and not mandatory in view of provisions of revenue bond act and school code relative to publication wherein requirement of publication of proceedings of such board in pamphlet form had been fully complied with (2 Comp. Laws 1929, § 7291; Act No. 94, § 6, Pub. Acts 1933, as amended by Act No. 219, Pub. Acts 1943; Detroit Board of Education Dormitory Revenue Bond Ordinance, § 28).

8. Same—Publication of Revenue Bond Ordinance—Statutes.

A clerk's error or inadvertence in failing to follow directory provisions of an ordinance as to publication thereof cannot defeat the will of the board of education where there has been full compliance with pertinent statutory provisions (2 Comp. Laws 1929, § 7291; Act No. 94, § 6, Pub. Acts 1933, as amended by Act No. 219, Pub. Acts 1943; Detroit Board of Education Dormitory Revenue Bond Ordinance, § 28).

9. Costs—Public Question—Purchase of Dormitory by First-Class School District.

No costs are allowed in suit wherein relief is sought against first-class school district board of education by way of enjoining it from purchasing a hotel for purposes of furnishing dormitory

and recreational facilities for its nearby university during pendency of condemnation proceedings, a public question being involved (Const. 1908, art. 13, § 1; Comp. Laws 1929, § 3763 *et seq.;* §§ 7284, 7291; Act No. 94, § 6, Pub. Acts 1933, as amended by Act No. 219, Pub. Acts 1943; Detroit Board of Education Dormitory Revenue Bond Ordinance, § 28).

Appeal from Wayne; Chenot (James E.), J. Submitted June 11, 1946. (Calendar No. 43,450.) Decided June 28, 1946.

Bill by Adeline M. Hooper against Board of Education of the City of Detroit to restrain the purchase of Webster Hall Hotel. Bill dismissed. Plaintiff appeals. Affirmed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*William E. Dowling* and *Clarence E. Page,* for defendant.

*Miller, Canfield, Paddock & Stone, amici curiae.*

BUTZEL, C. J. Adeline M. Hooper, plaintiff, a resident of the city of Detroit, Michigan, in a bill of complaint alleged that she resided in the Webster Hall Hotel, and that on behalf of herself and upwards of 570 other tenants she seeks to restrain the purchase of the hotel property and the fixtures and appurtenances at private sale to the Board of Education of the City of Detroit, defendant herein. The property consists of a very large hotel building opposite the campus of Wayne University, which is a part of the educational system owned and conducted by defendant. Plaintiff concedes that proper proceedings to condemn the property were brought

in the recorder's court of the city of Detroit, and in which she and 570 tenants, or thereabouts, appeared and categorically denied that there was a public necessity for the taking of the property. While the condemnation proceedings were pending, defendant entered negotiations for a contract for the purchase of the property for $1,200,000, which amount defendant has available. After the bill of complaint was filed, defendant entered into further negotiations with a financial institution for the issuance and sale of self-liquidating revenue bonds in the amount of $2,000,000, which would be amply sufficient to pay the purchase price of the property and the cost of expensive remodeling and improving of the property so as to adapt it for the purposes of the university. There can be no question after reading the record that defendant has reason to believe it very necessary and essential to acquire the property for its purposes, and that the present tenants of the hotel may have considerable difficulty in obtaining suitable new living quarters because of the lack of housing facilities in the city of Detroit. On the other hand, the university in its attempt to take care of over 12,000 students, a large number of whom are returning veterans, and to participate in the national program to increase the number of trained nurses, has a pressing need for the property, as its present buildings are woefully inadequate.

The bill of complaint mainly stresses the claim that, as there is a condemnation suit pending in which the necessity of taking the property is controverted by the present tenants of the rooms of the hotel, the plaintiff and those on whose behalf she has filed the bill are entitled to their day in court in order to have the question of necessity determined. Plaintiff also claims that the ordinance

adopted by defendant for the issuance of self-liquidating bonds is defective because of, what they claim, insufficient publication.

Plaintiff claims a right to sue both as a tenant and taxpayer. The defendant concedes that the purchase of the property by the city must be subject to such rights, if any, plaintiff and the other tenants may have obtained from the present owners of the hotel. Her right to sue as a taxpayer has not been questioned in the lower court. After the filing of the bill of complaint, in which many allegations were made on information and belief, a sworn answer was filed by defendant in which it categorically denies some of the charges made on information and belief, and, as to these charges, on motion to dismiss there is no presumption that they are true, inasmuch as the allegations to the contrary in the answer have not been controverted. *Case* v. *City of Saginaw,* 291 Mich. 130. A motion to dismiss the bill of complaint was made and some testimony taken. The trial judge entered a decree dismissing the bill of complaint, and plaintiff appeals. We shall discuss the main questions raised.

The first and main question stressed on appeal is whether defendant can purchase the property during the pendency of condemnation proceedings in which a question of necessity must be passed upon by a jury. The answer is unequivocally in the affirmative. Defendant is a State agency clothed with the power of eminent domain and as such has a right to discontinue condemnation proceedings any time before confirmation of the verdict of the jury. See *In re Board of Education of City of Detroit,* 242 Mich. 658, where condemnation proceedings were also brought, as in the instant case, under Act No. 194, Pub. Acts 1911, as amended (1 Comp. Laws 1929, § 3763 *et seq.* [Stat. Ann. § 8.11

*et seq.*]), which act permits the petitioning body to withdraw any property whenever such will not interfere with the substantial rights of the parties, or it may discontinue the condemnation proceedings before the confirmation of the verdict of the jury. And see *In re Huron-Clinton Metropolitan Authority's Petition as to Belleville Lake Park Project,* 306 Mich. 373, where we permitted the withdrawal of several parcels, as well as the acceptance of some as a gift, and the purchase of other parcels without the determination of necessity. Plaintiff relies on *In re Board of Education of City of Grand Rapids,* 249 Mich. 550, in which condemnation proceedings were begun against three parcels of land. During the proceedings one parcel was purchased. The validity of the purchase was not attacked, the court merely deciding that as to the two small parcels not purchased, the condemnation proceedings must be continued. Plaintiff also relies on *City of Detroit* v. *Judge of Recorder's Court of City of Detroit,* 253 Mich. 6, which is not at all applicable. We simply held that in order to transform a park into a wide roadway against the protests of the abutting property owners, who claimed an easement, it was necessary for the city to bring condemnation proceedings in which necessity would be determined and damages to the abutting property owners on account of the destruction of their easement and to the holders of the reversion would be awarded. There was no purchase of the property involved.

Plaintiff, however, claims that under article 13 of the Constitution of 1908, "private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined," et cetera.* It will be noted that article 13 is entitled "eminent domain" and it is

---

* See section 1.—REPORTER.

obvious that this section refers only to taking of property by ''eminent domain.'' It is unquestionably true that where the property is sought to be condemned, the above-quoted constitutional provision applies, but it does not apply where property is being purchased.

It was stated in *Allen* v. *Rogers,* 246 Mich. 501, 505:

''In this State no man's land can be taken from him for the public use except by gift, purchase, or condemnation. If he is unwilling to dedicate it and will not sell for a reasonable price, resort may be had to condemnation.''

Plaintiff claims that the circuit court is collaterally attacking condemnation proceedings pending in recorder's court, and that defendants therein have a right to appear in the latter proceeding to be heard upon the nature and extent of their interests and upon the question of necessity. We believe the foregoing discussion has answered this question. The condemnation proceeding is not being attacked. A direct purchase is being made and the condemnation proceedings may be discontinued before or after the purchase is completed.

Plaintiff further contends that no purchase may be made without a previous appropriation, and that the action of the board in authorizing the bond issue subsequent to the filing of her bill of complaint but before the hearing on the motion to dismiss should not be considered. Plaintiff's claim in this regard is without merit. There need not be a prior appropriation; it is sufficient that the money proposed to be expended is actually in the treasury or that a bond issue is authorized. 2 Comp. Laws 1929, § 7284 (Stat. Ann. § 15.272), and see *Ritchie* v. *City Council of Harrisville,* 291 Mich. 415 (32 P. U. R. [N. S.] 254).

The amended sworn answer which averred that there was in the building fund of the defendant board a sum in excess of the amount of $1,200,000 available for the acquisition of the property, and which showed the adoption of the ordinance providing for the revenue bond issue of $2,000,000, had been duly filed without objection. Plaintiff, however, claims that such ordinance or resolution never became effective because there was not proper publication. The ordinance was adopted by defendant at a meeting May 6, 1946. Section 28 of the ordinance provides:

"The secretary shall cause this ordinance to be published in a newspaper of general circulation in the city of Detroit within 10 days after its passage, and the ordinance shall take effect immediately after such publication."

We believe this provision is not mandatory but only directory. It was not a condition precedent to the validity of the ordinance. Provisions of the revenue bond act (Act No. 94, § 6, Pub. Acts 1933, as amended by Act No. 219, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 2486–27, Stat. Ann. 1945 Cum. Supp. § 5.2736]) are as follows:

"If there be any applicable statutory or charter provisions requiring the publication of such ordinance, then the same shall be published in accordance therewith, otherwise; it shall be published once in a newspaper of general circulation within the boundaries of the borrower. The publication of such ordinance as a part of the minutes of the meeting at which it was adopted, shall be deemed a publication in conformity with this act."

The only applicable statutory provision requiring publication of the ordinance is contained in the school code relative to first class school districts

(2 Comp. Laws 1929, § 7291 [Stat. Ann. § 15.279]), which provides as follows:

"All proceedings and official actions of the board shall be printed and published in some newspaper of the city or in pamphlet form immediately after such meeting in such manner as the board shall decide. It shall cause to be made at the end of each fiscal year and to be published a complete report of its receipts and expenditures and general school statistics: Provided, That it may in a permanent form bind the printed proceedings heretofore referred to in place of such annual report."

There was full compliance with this method of publication. The board of education of the city of Detroit published its proceedings and official actions in pamphlet form. The ordinance was so published as a part of the proceedings of the board on May 29, 1946. A clerk's error or inadvertence cannot defeat the will of the board. See *City of North Muskegon* v. *Miller*, 249 Mich. 52, 61, and cases therein cited.

The decree dismissing the bill of complaint is affirmed, without costs as a public question is involved.

CARR, BUSHNELL, SHARPE, REID, NORTH, and STARR, JJ., concurred with BUTZEL, C. J. BOYLES, J., concurred in the result.