CHURCH v. STATE HIGHWAY DEPARTMENT.

1. EMINENT DOMAIN—STATE HIGHWAY COMMISSIONER—HIGHWAYS AND STREETS—EFFORT TO PURCHASE.

State highway commissioner, under constitutional provision, may not take, under power of eminent domain, without compensation being first made or secured, and under legislative mandate he is required to make an effort to agree with owners upon compensation by way of purchase (1 Comp. Laws 1929, § 3884 et seq.)

2. SAME—AGREEMENT TO PURCHASE.

Under powers conferred by Constitution and statute, State highway commissioner has right to agree with owners upon compensation for land taken for highway purposes and method of ascertaining same, and, when done in good faith, agreement is binding on commissioner and State.

3. SAME—COMPENSATION—AWARD BY ARBITRATOR.

Where part of large brick house stood on land needed for highway purposes, State highway commissioner could agree with owner to move house and for appointment of arbitrator to fix damage, if any, in moving, and, in absence of fraud, award of arbitrator should be paid.

4. STATES—CONFIRMATION OF ARBITRATOR'S AWARD NOT SUIT AGAINST STATE.

Petition in circuit court by landowners for confirmation of arbitrator's award in connection with taking land for highway purposes pursuant to agreement with State highway commissioner, is not suit against State.

5. EMINENT DOMAIN—AWARD NOT EXCESSIVE IN ABSENCE OF FRAUD.

Purchase price of land taken for highway purposes, determined under method agreed upon by owners and State highway commissioner, may not be declared excessive by court, in absence of showing of fraud.

6. SAME—POWER OF COURT TO CONFIRM AWARD.

Where agreement by owners and State highway commissioner provided for confirmation by circuit court of arbitrator's award for land taken for highway purposes, State may not contend that court had no power to confirm award.

7. SAME—APPROVAL BY ADMINISTRATIVE BOARD—SURPLUSAGE.

    Approval of said agreement by State administrative board may not have been required, but, if surplusage, furnishes no reason against its validity.

Error to Ingham; Collingwood (Charles B.), J. Submitted April 17, 1931. (Docket No. 137, Calendar No. 35,028.) Decided June 1, 1931.

Frank E. Church and another presented their petition to the circuit court for confirmation of an award of damages pursuant to a contract for purchase of an easement for highway purposes with the State Highway Department. Defendant reviews order of confirmation by error. Affirmed.

*Shields, Silsbee, Ballard & Jennings (Harris E. Thomas,* of counsel), for plaintiffs.

*Paul W. Voorhies,* Attorney General, and *Kit F. Clardy,* Assistant Attorney General, for defendant.

WIEST, J. Act No. 352, Pub. Acts 1925, amended by Act No. 92, Pub. Acts 1927 (1 Comp. Laws 1929, § 3884 *et seq.*), empowered the State highway commissioner to purchase and condemn private property for highway purposes in the name of the State and enjoined purchase by agreement when possible.

The widening of the highway known as M.O. 33–14, between the cities of Lansing and East Lansing, required taking land owned by Frank E. and Bertha L. Church, styled plaintiffs herein, upon which stood the front 17 feet of their large brick dwelling house. Compensation for the house was a subject of discussion, the negotiation finally culminating in a written agreement, executed by the owners and the State highway commissioner, and

approved by the State administrative board, whereby the owners were to grant, convey, and duly acknowledge an easement in, over, and upon their land needed for widening of the highway, and the State highway commissioner, in consideration of the easement, agreed to move the house to a new location upon plaintiffs' remaining land and to fully restore it and its accessories, agreeable to Warren S. Holmes, an architect who was selected "to be their arbitrator," to determine whether the house, upon removal, and its accessories were fully restored, and if not, to fix the compensation to be made to plaintiffs. The agreement also provided that the architect have all the powers of an arbitrator under the arbitration statutes of this State and his award might be confirmed "as provided by said statutes." If 17 feet of the front of the house had been removed, the remainder would have been worthless, except for junk, and had the rule for determining compensation, in case of condemnation, been employed, the commissioner would have had to pay the value of the whole house. *City of Detroit* v. *Loula*, 227 Mich. 189. It was evidently believed by the commissioner that the house could be moved at less expense than its value, and this would have proved true had not damage been occasioned to the building in the course of moving.

The job of moving was let to a private company, and, when the architect was called to view the building after the moving, he found it seriously damaged and its accessories not restored, and, upon detailed specifications, awarded the owners $24,250, and filed the award in court. Thereupon the owners, in accordance with the terms of the agreement, petitioned the court to confirm the award and this was done

over objections of the State, and the matter is here for review.

The commissioner was under a constitutional prohibition not to take, under the power of eminent domain, without compensation being first made or secured and the legislative mandate to make an effort to agree with the owners upon compensation by way of purchase. Under delegated power to take by purchase, and constitutional mandate to pay just compensation, the commissioner had a right to agree with the owners upon compensation and the method or means of amicably ascertaining the same, and, if this was done in good faith, and the compensation was so. fixed, the commissioner may not repudiate or the State assert immunity. If compensation is not by agreement then the law points out the method and means for ascertainment thereof. In the instance at bar, the matter never reached the stage calling for adoption of the statutory procedure for determining the compensation. The law regulating the procedure in case of inability to agree upon the compensation has no applicability to an amicable agreement.

Employment by the commissioner of delegated power to take and all procedure to such end is in behalf of, and not against, the State. There is no merit in the claim that this is in the nature of a suit against the State without leave of the State. This is in no sense a suit against the State, but is a taking of plaintiffs' property in behalf of the State, and the phase before us is no more than that of according the owners of the property compensation fixed under an agreement for its purchase. Plaintiffs' property could not be taken without compensation being first made or secured. An agree-

ment secured compensation to be made. Such compensation has been awarded, and if the State keeps the property the compensation must be paid.

But, it is said that the compensation is excessive. No fraud is shown. The purchase price has been determined under the method agreed upon and we must let all parties abide the agreement unless it was illegal. The agreement was out of the ordinary, but not illegal. Except for the contract provision to such end, we might have difficulty in finding authority for filing the award in the circuit court and having confirmation thereof, but the contract covers all this, and, while there is no precedent and this situation will probably not again arise, we cannot refuse the aid of the court invoked by the parties. The parties having agreed otherwise, we ought not to remit the plaintiffs to suit upon the award or a bill in equity for specific performance. The parties agreed upon a method for enforcing payment of the purchase price, and the State ought not to be permitted to stand upon the technicality that, if the award be held good, an action should be brought upon the award, and the circuit court had no power, even by agreement of the parties, to confirm the award.

The approval of the agreement by the administrative board, evidenced by the signatures of the governor and secretary of the board, may not have been required, but, if surplusage, furnishes no reason against the validity of the contract.

The order of confirmation is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred. POTTER, J., did not sit.