MILLER *v*. PEOPLE.

1. HIGHWAYS AND STREETS—CONSTRUCTION OF RELEASE OF RIGHT OF WAY—LACHES.
   Where after 20 years from time defendant State had obtained and recorded a release of right of way over plaintiffs' land, a paved highway was constructed and plaintiffs thereafter sought to have the release construed as locating the right of way along the old right of way as expressed in the release, without having taken any definite step to bar or stop the construction, the principle of laches is applicable to bar the plaintiffs from asserting their rights.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SOVEREIGN IMMUNITY—LACHES.
   The question of sovereign immunity is not considered on appeal in suit by property owners against State where it *is* determined that plaintiffs must fail for laches.

REFERENCES FOR POINTS IN HEADNOTES
[1] 19 Am Jur, Equity, § 489 *et seq.;* 25 Am Jur, Highways, § 34.
[2] 3 Am Jur, Appeal and Error, § 823.

Appeal from Menominee; Jackson (Glenn W.), J. Submitted April 7, 1949. (Docket No. 34, Calendar No. 44,351.)   Decided June 6, 1949.

Bill by Ed Miller and another against People of the State of Michigan to set aside a release of right of way, to quiet title to real estate and for declaratory judgment. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*M. P. Sawyer,* for plaintiffs.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Eugene F. Townsend,* Assistants Attorney General, for the people.

Reid, J.   Plaintiffs filed their bill of complaint praying (a) that an instrument signed by them purporting to be a release of right of way over the lands of plaintiffs be declared to be null and void; (b) that a declaratory judgment be entered determining the description of the lands conveyed by such instrument; (c) that the title to the lands, including the lands covered by the release, be quieted in the plaintiffs, excepting as the lands covered by the release are determined to be immediately contiguous to M-91; and (d) for other equitable relief.

The defendant asserts its claim to sovereign immunity and claims that the plaintiffs are guilty of laches.

On motion, the trial court dismissed the bill of complaint. Plaintiffs appeal.

The question involved, as stated by plaintiffs, is: Is this suit a part of a proceeding authorized by statute in which the immunity of the State has been waived as found by this Court in *Church* v. *State Highway Department,* 254 Mich 666?

Plaintiffs in their brief set forth the following as facts:

"The plaintiffs are the owners of the land involved which consists of the south half of a government lot of which the easterly boundary is the shore line of Green Bay. The land lies about 12 miles northeasterly of the city of Menominee and is traversed by State trunk-line highway M–91 which parallels the shore of the bay some 200 feet westerly thereof. All these conditions have existed during all times involved and a 66-foot right of way for said M–91 was acquired by user prior thereto.

"In January of the year 1927 plaintiffs were asked by one George G. Black, agent of the then State highway commissioner, to execute a release of right of way to the State to permit the straightening and improving of said M–91. Said agent represented that the State required a right of way 150 feet wide instead of the existing 66 feet and that the additional land taken would be east of the existing State trunk-line highway. He further represented that a modern concrete highway would be built in the then near future and that plaintiffs' land would soon receive great benefits without loss of any substantial area.

"Said Mr. Black was accompanied by George Grabowsky, supervisor of the township, and plaintiffs' neighbor, who introduced Mr. Black and vouched for him.

"Mr. Black thereupon produced and plaintiffs signed the document in question without any other consideration.

"This document is a printed form of release of right of way then in use by the State highway department. In the proper blank space appear the words 'description and plat attached.'

"No plat is attached.

"On a sticker, attached, appears a typewritten description by metes and bounds of a 150-foot right of way across said lands.

"This typewritten description is faulty and ambiguous but the fault is not apparent without projecting the metes and bounds onto a plat.

"The description begins at a section corner about the location of which there is no doubt but which is not marked and can only be ascertained by survey.

" 'Thence east on said section line  *  *  *  a distance of 359.0 feet to station 460/16 on the surveyed center line of S.T.L. 91–1;'

"Said section line is the center line of a road running easterly and westerly and its point of intersection with M–91 was well marked and well known.

"The given distance, 359.0 feet, falls short of reaching this intersection.

"Projected from the named monument, the intersection of the said section line with M–91, the description covers substantially the right of way of said road widened to 150 feet.

"Projected from a point 359.0 feet easterly along the section line from the section corner and without regard to the location of M–91 the description covers an entirely different right of way 150 feet wide across plaintiffs' fields parallel to M–91 but westerly thereof and behind plaintiffs' barn.

"The point 359.0 feet easterly of the section corner does not coincide with the intersection of the center line of US–35 [the highway now known as M–35, evidently formerly known as S.T.L. 91] as recently constructed across said land but the improved portions thereof would be substantially within the 150 feet right of way as projected from that point.

"The project of improving M–91 languished and was generally considered to be abandoned. Plaintiffs sold three small parcels of their land lying between M–91 and the shore of the bay and substantial residences have been erected upon them. The descriptions of such parcels are such that no access is afforded to US–35 and ingress and egress depends on M–91.

"The typewritten sticker refers to S.T.L. 91–1 but in the form proper the effect of the conveyance is limited 'to permit the altering, widening and improving of the *existing* [italics supplied] highway * * * commonly designated and referred to as State trunk-line road No 91.'

"In the spring of 1947 construction was started by the State highway department of US–35 and it became apparent that the new road would not cross such land along the old right of way as plaintiffs expected.

"Negotiations were opened up between the parties and plaintiffs were furnished a plat of the proposed new construction but not until after it was well under way.

"These negotiations continued until after such road was substantially constructed when the agents of said highway commissioner notified plaintiffs that they intended to stand on the old release. Plaintiffs then brought this suit."

Plaintiffs pray that the court construe the release and conveyance of the right of way in such manner and to such result that the right of way in the release and conveyance be determined to be along the old right of way of M–91 and not along the course of the new pavement (now M–35) put down by the State and in use by the public.

Defendant filed a motion to dismiss the bill of complaint and attached to the motion is an affidavit (which affidavit is not denied by plaintiffs) of H. C. Coons, deputy State highway commissioner, in which Coons deposes and says that he had charge of and directed the construction of trunk-line M–35, formerly called M–91, in Menominee county, but within the boundaries of land described in the release and conveyance in question. The construction over this line was completed as an integral part of State trunk-line M–35 in July, 1947 (across lands of plaintiffs), at a cost of approximately $20,000 for grading and

paving. Said highway has been used since August, 1947, for public travel over the lands so released. The improvements were placed upon the lands and open to public travel without any prior act on the part of the plaintiffs to give effect to their presently asserted claim in this suit.

The bill of complaint in this case was filed on March 1, 1948. The release and conveyance in question was recorded in the office of the register of deeds of Menominee county in January, 1927.

Negotiations were going on between plaintiffs and the State highway commissioner's department during the progress of the construction of the cement pavement in question. Doubtless the State could not, without very great loss, stop the construction to await the result of negotiations with plaintiffs. No definite step to bar or stop the construction of the pavement along the right of way described in the release and conveyance was taken prior to the filing of the bill. Under such circumstances and in view of the great lapse of time since signing and delivery of the release and conveyance, followed by the making by defendant of great and costly improvements to the right of way and use by the public of the paved highway for 7 months before suit was begun, the principle of laches is applicable and plaintiffs are barred from asserting their rights in this lawsuit.

It is not necessary to pass upon the question of sovereign immunity, as the plaintiffs must fail for laches.

The decree appealed from dismissed the bill, which decree is affirmed. Costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.